IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| DEER CREST JANNA, LLC, a Delaware limited liability company, and DEER CREST ASSOCIATES I, LC, a Utah limited liability company<br><br>Petitioners,<br><br>vs.<br><br>ANTHONY V. DAVIDE, an individual,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-27<br><br>Judge Clark Waddoups |

This matter came before the court on petitioner's petition (Dkt. No. 2) and motion (Dkt. No. 10) to confirm an arbitration award relating to a dispute arising from a Real Estate Purchase Contract for respondent's purchase of a condominium in Park City, Utah. After obtaining an extension of time to respond, respondent filed objections and a request for hearing on March 22, 2016 and on April 1, 2016. The court has carefully reviewed the motions, memoranda, and objections submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f). After careful consideration, the court GRANTS petitioner's motion to confirm the arbitration award and enter a judgment for $220,950.55 and DENIES petitioner's motion for an award of additional attorney's fees for this proceeding.

1

## JURISDICTION

Petitioner Deer Crest Janna, LLC is a Delaware limited liability company with a place of business in Summit County, Utah.  Deer Creek Associates I, LC is a Utah limited liability company.  Respondent Anthony L. Davide is an individual residing and domiciled in Florida. Petitioners sought relief pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 9; however, petitioners did not allege a federal question, and the Federal Arbitration Act at 9 U.S.C. § 1 *et seq*. does not "confer independent subject matter without an independent jurisdictional basis."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983); *Oklahoma City Assocs. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 793 (10th Cir. 1991) (identifying a twofold subject matter jurisdictional inquiry under the Federal Arbitration Act).  Nonetheless, petitioners preliminarily alleged facts supporting diversity jurisdiction under 28 U.S.C. § 1332, and subsequently supplemented those facts, in response to the court's orders, such that the court was able to satisfy itself that none of the members or entities that comprise Deer Crest Janna, LLC and Deer Crest Associates I, LC have a principal place of business in Florida or are otherwise Florida residents for the purpose of diversity jurisdiction, and that the jurisdictional amount in controversy has been satisfied.  Accordingly, the court concludes that it has jurisdiction to hear this matter.

## BACKGROUND FACTS

On December 5, 2005, Mr. Davide entered into a Real Estate Purchase Contract ("REPC") with the petitioners, agreeing to purchase a condominium unit in Park City, Utah at the St. Regis Resort and Residences at Deer Crest for $1,780,000.  (*See* REPC [Dkt. No. 2-2]). Mr. Davide paid a total of $356,000 in deposits, leaving a balance due of $1,424,000.  (*Id.* at § 3). The REPC contained a mandatory binding arbitration agreement pursuant to the Judicial

Arbitration and Mediation Services (JAMS) Comprehensive Arbitration Rules and Procedures. *(Id.* at § 18). The United States District Court for the District of Utah was designated as a court having in personam jurisdiction and authority to enter as a final judgment an award rendered pursuant to the arbitration proceeding. *(Id.* at § 18(f)). Section 18(h) provided that "[a]ny arbitration award shall include an award of costs and attorneys' fees to the prevailing party from the non-prevailing party," and set forth the method for paying the costs of arbitration pending the final ruling.

After experiencing difficulty obtaining financing to close on the completed condominium, Mr. Davide notified petitioners in September 2009 that he wished to rescind the REPC. (Award [Dkt. No. 2-1]). He also asserted various claims related to the REPC. (*Id.*). As a result and as required by the REPC, petitioners initiated arbitration proceedings with JAMS on October 9, 2009. (*Id.*). Rather than participating, Mr. Davide filed suit in the Third Judicial District Court in Summit County, Utah, and procured a temporary stay of the arbitration. (*Id.*). Following litigation on the contractual disputes, on February 12, 2010 the Utah district court dismissed Mr. Davide's lawsuit because of its mandatory and binding contractual arbitration provision. (*Id.*). Mr. Davide appealed the trial court's decision to the Utah Court of Appeals. (*Id.*). Mr. Davide did not attend mandatory, court-ordered mediation despite a court order to do so, and the mediation was unsuccessful. (*Id.*). On May 8, 2012, two years after Mr. Davide filed his appeal, the appellate court dismissed the appeal due to Mr. Davide's failure to file a required opening brief. (*Id.*). On remand, as the prevailing party, petitioners sought an award of attorney's fees and litigation costs pursuant to the REPC. (*Id.*). Mr. Davide objected to the trial court determining attorney's fees because of the court's order requiring that all contractual issues

would be resolved through arbitration. (*Id.*). Thereafter, the arbitration process recommenced. (*Id.*).

The arbitration process was slow, "in no small part due to failure on the part of [Mr. Davide] to timely comply with process obligations." (*Id.* at 6). While arbitration was pending, Mr. Davide unsuccessfully attempted to initiate a separate, Florida-based arbitration. (*Id.* at 12). At the "eleventh hour," shortly before the arbitration hearing was scheduled to occur on December 14, 2015, Mr. Davide challenged the "conduct of the instant Arbitration which had to be independently resolved." (*Id.*). The arbitrator had previously ordered that Mr. Davide be "precluded from asserting affirmative claims pursuant to the JAMS rules for repeated violations" of his arbitration obligations, "including repeated failures to comply with orders to provide proof of competency to arbitrate" and failing to timely pay his share of the arbitration expenses. (*Id.* at 2). Nevertheless, at the hearing, the arbitrator determined that Mr. Davide "had every right to endeavor to establish [petitioners] as the breaching party, and, if such occurred, argue the appropriate remedy." (*Id.*).

At the hearing, Mr. Davide asserted affirmative claims that petitioners breached the REPC on the basis of (1) a purported violation of the Utah Land Sales Act (ULSA), (2) alleged delays in completion of the unit, and (3) an alleged reduction in the size of the unit as built compared to the architectural rendering." (*Id.* at 6). In response, petitioners argued that they did not breach the REPC or violate the ULSA, that Mr. Davide's failure to comply with his contractual obligations entitled them to an award pursuant to the REPC, and that Mr. Davide's violations of the arbitration provision entitled them to an award of attorney's fees. (*Id.* at 7-11).

4

On December 16, 2015, the arbitrator entered an award in petitioner's favor on all issues. The arbitrator found that the ULSA did not apply because "[a]ll of the requirements for local (as opposed to state) regulation and oversight were applicable to the Park City development at issue," and thus the development was automatically exempted from state regulation under the ULSA. (Award [Dkt. No. 2-1] at 7). The arbitrator found no material delay in completion of the project that would establish a finding that petitioners had breached the REPC. (*Id.* at 8.) And the arbitrator found that not only had petitioners substantially complied with the contract provisions regarding the size of the unit, but that the unit was actually slightly larger than contemplated, rather than smaller as Mr. Davide alleged. (*Id.* at 9.)

The arbitrator next addressed petitioner's claims, finding that Mr. Davide had breached the REPC by failing to comply with his contractual obligations and that, as a result and as liquidated damages pursuant to the REPC, Mr. Davide's deposit was forfeited. (*Id.* at 10.) Finally, the arbitrator awarded petitioner attorney's fees of $220,950.55, after a discussion addressing the length of the proceedings (6 years), a review of petitioner's itemized billings submitted from the inception of the process through the date of the award, an evaluation of the quality of the representation and experience of the attorneys along with consistency of rates charged by similarly situated counsel in the area, and petitioner's compliance with the litigation and arbitration rules and orders compared to Mr. Davide's frequent neglect, refusal, or failure to comply. (*Id.* at 10-12.) Petitioners now seek confirmation of the arbitrator's award, for judgment to be entered in their favor pursuant to the award, and an additional award of attorney's fees for these proceedings.

## ANALYSIS

The Federal Arbitration Act provides for confirmation of an arbitrator's award as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

9 U.S.C. § 9.

The REPC entered into by the parties specifies that this court may enter a final award rendered pursuant to arbitration as a final judgment. (REPC ¶ 18(f).) The motion to confirm the award was timely filed within one year of the time the award was made. 9 U.S.C. § 9. Notice of such motion has been served on Mr. Davide. *Id.* (requiring service upon adverse parties). Additionally, consistent with the requirements of 9 U.S.C. § 13, petitioners have attached to their motion for confirmation and judgment copies of the arbitration agreement, copies of papers related to the selection or appointment of an additional arbitrator or umpire, copies of each written extension of the time within which to make the award, and a copy of the award.

As noted above, upon compliance with the provisions of the Federal Arbitration Act, the court "must grant" an order confirming an arbitration award "unless the award is vacated, modified, or corrected" pursuant to §§ 10-11. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). "Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one." *Id.*

Mr. Davide filed two objections to confirmation of the arbitration award, but each pleading raises only one issue. Mr. Davide asserts that the award should be vacated because the arbitrator was biased against him, as evidenced by (1) the arbitrator entering orders prohibiting

him from asserting affirmative defenses, (2) the arbitrator "punishing" him because his check for payment of the arbitration fees bounced, (3) the arbitrator's failure to continue a sanctions hearing, and (4) because his request to remove/substitute the arbitrator on the grounds of bias was denied.  Section 10 of the Federal Arbitration Act provides that the court "may make an order vacating the award" when it finds "evident partiality . . . in the arbitrators," "misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced."  9 U.S.C. § 10.  Accordingly, the court evaluates Mr. Davide's objections to the award on these statutory grounds.

       The court finds no merit in Mr. Davide's argument that the arbitrator's award reflected "evident partiality" due to entry of an order prohibiting him from asserting affirmative claims against petitioners at the arbitration.  The record reflects that the arbitrator entered the order consistent with JAMS rules that the parties agreed to follow, and after providing Mr. Davide with ample opportunity to comply with procedural requirements set for the arbitration.  (Dkt. 2-3, 2-4, 2-5.)  Even assuming, *arguendo*, that entry of the order was improper, it is irrelevant to Mr. Davide's argument because the arbitrator did not enforce the order to preclude Mr. Davide from raising any and all of his affirmative claims at the arbitration.  The award specifically stated:

> "Although the Arbitrator had ordered [Mr. Davide] precluded from asserting affirmative claims pursuant to the JAMS rules for repeated violations of [Mr. Davide's] Arbitration obligations, including repeated failures to provide proof of competency to arbitrate as ordered and "bouncing" the check to JAMS for Arbitration fees, the Arbitrator advised all parties that the Arbitrator really saw no difference between 'offense' and 'defense' and that in his own defense [Mr. Davide] had every right to endeavor to establish [petitioners] as the breaching party, and, if such occurred, argue the appropriate remedy."

(Award [Dkt. No. 2-1] at 2).

At the arbitration, Mr. Davide raised at least four affirmative claims against petitioners, each of which was considered fully by the arbitrator in the award. Accordingly, there is no evidence that the arbitrator refused to hear material and pertinent evidence or that Mr. Davide did not receive a fundamentally fair hearing.

Similarly, the court finds no merit in Mr. Davide's claim that the arbitrator was biased or exhibited "evident partiality" against him because his check for payment to the arbitrator "bounced." Non-payment of fees was grounds for the order prohibiting Mr. Davide from raising affirmative claims pursuant to JAMS Comprehensive Arbitration Rules and Procedures Rule 31(b). As noted above, however, the arbitrator did not enforce the order and permitted Mr. Davide to raise affirmative claims, specifically noting that the "bounced" check would not interfere with Mr. Davide's right to present any claims.

Moreover, as for Mr. Davide's claim that the arbitrator was biased because he failed to postpone the sanctions hearing after Mr. Davide made good faith efforts to comply with procedural requirements, the court notes that the arbitrator's order identified that the requirements Mr. Davide was finally attempting to satisfy had been "outstanding for months and months" and that Mr. Davide had previously acknowledged that "he should have provided such months earlier and had no bona fide excuse for not doing so." (Dkt. No. 2-3, pp. 14-15.) Based on these findings, Mr. Davide did not offer "sufficient cause" to postpone the hearing. *See* 9 U.S.C. § 10. Even though the hearing was not postponed at Mr. Davide's request, the sanction entered by the arbitrator was the order precluding Mr. Davide from asserting affirmative claims. And as discussed previously, this order was not enforced at the arbitration hearing. Mr. Davide

was permitted to raise his affirmative claims at the arbitration, and the arbitrator considered all of them.

Finally, Mr. Davide's request to remove or substitute the arbitrator due to bias and partiality was supported by a 74-page letter and exhibits addressed to the JAMS office pursuant to Rule 15 of those rules.  (Dkt. No. 2-3). Petitioners were given an opportunity to respond, and did so in a four-page letter.  (Dkt. No. 2-4).  Mr. Davide's request was then referred to the National Arbitration Committee for review and decision.  Jay Welsh, Executive Vice President & General Counsel, Co-Chair of the National Arbitration Committee, denied Mr. Davide's request to remove the arbitrator, finding that no specific evidence of bias had been shown, and particularly, that "[t]he existence of adverse rulings against a party is not evidence of bias to justify removal of an arbitrator."  (Dkt. No. 2-5.)  This court agrees that Mr. Davide has failed to show evidence of bias by the arbitrator.  *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("Adverse rulings alone do not demonstrate . . . bias.").  Furthermore, the adverse ruling which formed the basis of Mr. Davide's objection and request to remove the arbitrator was the unenforced order that did not ultimately preclude him from presenting all of his affirmative claims at the arbitration.  *See Johnson v. Directory Assistants, Inc.*, 797 F.3d 1294, 1301 (11th Cir. 2015) (stating that a complaining party must demonstrate prejudice caused by an arbitrator's exclusion of evidence).  With the record demonstrating that Mr. Davide received a fundamentally fair hearing, and in the absence of evident partiality, misconduct or misbehavior by which the arbitrator refused to hear pertinent and material evidence regarding the controversy, this court declines to vacate the arbitration award.


As for petitioner's request for an additional award of attorney's fees for this proceeding, the court notes that the parties' REPC provides that attorneys' fees and costs will be determined pursuant to the arbitration proceeding. Petitioners have provided no authority nor argument supporting their request that this court award additional attorney's fees to confirm the arbitration award or enter the judgment, nor does the arbitration award suggest that petitioners should be entitled to additional fees to confirm their award and obtain a judgment. Accordingly, the court declines to award petitioners attorney's fees for this proceeding.

## CONCLUSION

For the reasons stated above, the court confirms the arbitration award and directs the clerk of court to enter judgment against Mr. Davide in the amount of $220,950.55.

DATED this 31st day of May, 2016.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge